[No. 26130. Department One. September 9, 1936.]

GRACE MATTSON, *Appellant,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent.*[1]

[1]Reported in 60 P. (2d) 248.

*W. H. Sibbald,* for appellant.

*The Attorney General* and *J. A. Kavaney, Assistant,* for respondent.

STEINERT, J.—This is an appeal from a judgment of the superior court affirming an order made by the department of labor and industries rejecting a claim for a widow's pension.

On August 22, 1930, Mathias Mattson, while engaged in extrahazardous employment, sustained an injury to the lower part of his left leg. He presented a claim to the department and thereafter, during a period of several years, was paid successive amounts for time loss. The claim was finally closed by order of the supervisor of the department on July 26, 1933, with an allowance of ten degrees permanent partial disability. Upon appeal to the joint board, the order was affirmed. The workman then appealed to the superior court, where, after trial, judgment was entered August 3, 1934, sustaining the joint board and dismissing the action. No appeal was taken from that judgment.

On September 16, 1934, Mr. Mattson, the workman, died of pulmonary tuberculosis. His widow, the appellant herein, made application to the department for a widow's pension, claiming that the original injury sustained by her husband had developed a tubercular condition which was the causal factor of his death. The department rejected the claim upon the ground that the death of the workman was not the result of the alleged injury or of trauma. On appeal to the joint board, the testimony of the widow and two physicians called by her was taken before an examiner. After consideration of the record, the joint board affirmed the decision of the department. The widow then

took an appeal to the superior court, where trial was had upon the record, without any additional evidence.

The court found that the workman had died of pulmonary tuberculosis, but that the disease was in no way connected with his injury of August 22, 1930. The court thereupon concluded that, upon the facts found, the widow was not entitled to recover and, further, that her claim was barred by the judgment in the action formerly brought by her husband, the workman. Judgment of dismissal was entered, from which this appeal was taken.

■ In all court proceedings under, or pursuant to, the workmen's compensation act, the decision of the department is to be deemed *prima facie* correct, and the burden of proof is on the party attacking the same. Rem. Rev. Stat., § 7697 [P. C. § 3488].

The testimony in this case touching the cause of death came from the two physicians called by the appellant. One of the physicians had known the workman for eleven years and had treated him for the particular injury. The physician did not suspect or learn of any tubercular condition of the workman until a few weeks before the latter's death. In response to a question whether trauma upon any particular part of the body had a tendency to give place for development of tubercular bacteria, the physician testified that this might happen but thought that it would be very seldom. In response to another question, he further testified that, in his opinion, although an injury to a certain member of the body might result in its devitalization, it would not have a tendency to localize a tubercular condition.

The other physician, who had never seen the deceased, was called as an expert to testify to certain hypothetical questions. He testified that, in the absence of other factors, he would attribute the death of the

workman to miliary tuberculosis having its inception in the injury to the leg and finally localizing in the lung. After a lengthy examination, followed by a searching cross-examination, he finally stated that he could not positively say what was the direct cause of death.

There was ample evidence to justify a finding that the death, although caused by tuberculosis, was not the result of the injury to the leg. In our opinion, the evidence preponderates in favor of the decision of the department and the finding of the court, on the question of fact. This conclusion obviates any necessity for passing upon the question whether the claim was barred by the former judgment in the action brought by the workman himself.

The judgment is affirmed.

MILLARD, C. J., MITCHELL, TOLMAN, and GERAGHTY, JJ., concur.